## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:                                          )
                                                )
HEALTH DIAGNOSTIC                               )     Chapter 11
LABORATORY, INC., *et al.*,                     )
                                                )     Case No. 15-32919-KRH
            Debtors.                            )     (Jointly Administered)
                                                )
_____            )
                                                )
RICHARD ARROWSMITH,                             )
LIQUIDATING TRUSTEE OF THE HDL                  )
LIQUIDATING TRUST,                              )
                                                )
            Plaintiff,                          )
                                                )     Bankr. Ct. Adv. Proc. No. 16-3271-KRH
v.                                              )
                                                )     Dist. Ct. Case Nos. 3:17-cv-399-HEH
LATONYA S. MALLORY, *et al.*,                   )                        3:17-cv-400-HEH
                                                )                        3:17-cv-409-HEH
            Defendants.                         )

### <u>MEMORANDUM OPINION</u>
### (Overruling Objection to the Proposed Findings of Fact and
### Conclusions of Law of the United States Bankruptcy Court)

This contentious and protracted bankruptcy proceeding is before the Court for

review of the United States Bankruptcy Court's Proposed Findings of Fact and

Conclusions of Law ("Proposed Findings of Fact"). (ECF No. 19.)[1] Defendants

BlueWave Healthcare Consultants, Inc. ("BlueWave") and F. Calhoun Dent III ("Dent")

---

[1] The Proposed Findings of Fact at issue here originally arose out of three separate Motions to
Withdraw the Reference filed in this Court and docketed as case numbers 3:17cv399, 3:17cv400,
and 3:17cv409. The Bankruptcy Court addressed all three cases simultaneously in its Proposed
Findings of Fact. The District Court will do the same. Unless otherwise indicated, references to
the ECF numbers shall refer to documents filed in Case No. 3:17cv399.

filed an Objection to the Proposed Findings of Fact and Conclusions of Law

("Objection") pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure.

(ECF No. 24.) The pivotal question the Objection raises is whether a sales agreement

between Health Diagnostic Laboratory ("HDL") and its agent, BlueWave, was lawful.

The Bankruptcy Court found the agreement (the "BlueWave Agreement") to be unlawful,

and hence, unenforceable as a matter of law. After review of the record and memoranda

filed by the parties, this Court concurs with the findings of the Bankruptcy Court and will

overrule BlueWave and Dent's Objection.

Earlier in the bankruptcy process, the Bankruptcy Court approved a plan creating

the HDL Liquidating Trust for the purpose of pursuing legal claims on behalf of HDL's

creditors.[2] The Liquidating Trustee of the HDL Liquidating Trust ("Liquidating

Trustee") initiated this adversary proceeding by filing a 76-count Complaint in the

Bankruptcy Court against the former directors, officers, shareholders, and agents of HDL

and BlueWave.[3] BlueWave, along with other Defendants, subsequently filed Motions to

Withdraw the Reference seeking to have the adversary proceedings litigated in the

District Court.

---

[2] *See* Order Confirming Debtors' Plan of Liquidation under Chapter 11 of the Bankruptcy Code, *In re Health Diagnostic Lab'y, Inc.*, No. 15-32919, ECF No. 1095.

[3] BlueWave is an Alabama corporation that was co-founded by Defendants Dent and Robert Bradford Johnson ("Johnson"). The "BlueWave Defendants" include HisWay of South Carolina, Inc.; Colbalt Healthcare Consultants Inc.; AROC Enterprises LLC; Riverland Pines LLC; Crosspoint Properties LLC; Helm-Station Investments LLP; Lakelin Pines LLC; Trini D Island LLC; CAE Properties LLC; Royal Blue Medical Inc.; Blue Eagle Farm, LLC; and Forse Medical Inc. (collectively the "Dent Entities"); BlueWave; and Dent. For clarity, Johnson is not included in the BlueWave Defendants.

This Court denied the Motions to Withdraw the Reference and directed the

Bankruptcy Court to issue its Proposed Findings of Fact following the pretrial phase of

the adversary proceedings. (Mem. Op. at 7–8, ECF No. 5.) This Court's Amended Order

denying the Motions to Withdraw the Reference specifically directed the Bankruptcy

Court to "recommend whether any motions for summary judgment of non-core matters

should be granted by the District Court and whether the reference should be withdrawn

for trial by jury." (Am. Order at 1–2, ECF No. 11.) The Bankruptcy Court's Proposed

Findings of Fact pertain only to the BlueWave Defendants[4] on six counts at issue here:

Count 2: seeking to avoid and recover shareholder distributions under 11 U.S.C. §§ 548

and 550; Count 4: seeking to avoid and recover shareholder distributions pursuant to 11

U.S.C. §§ 544(b) and 550; Count 38: seeking to avoid and recover payments to

BlueWave under 11 U.S.C. §§ 548 and 550; Count 40: seeking to avoid and recover

payments to BlueWave under 11 U.S.C. §§ 544(b) and 550 and, as applicable, 28 U.S.C.

§ 3304; Count 74: seeking a declaration that the BlueWave Agreement is illegal and

unenforceable under Georgia law; and Count 75: objecting to proof of claims and seeking

administrative expenses under 11 U.S.C. §§ 502(b)(7), 502(d), 502(e), 503, and 507.

These are the only remaining claims to be resolved in this adversary proceedings.

---

[4] This Court, by Order dated June 12, 2017, referred approximately 1,300 related adversary proceedings filed by the Liquidating Trustee against physicians and medical practices receiving payments from HDL to a magistrate judge for mediation. (Order at 1–2, ECF No. 3.) With the assistance of the magistrate judge, approximately 1,200 matters were settled, and the Bankruptcy Court also approved settlement agreements between former officers and directors of HDL. The remaining parties were referred to Bankruptcy Judge Frank Santoro, who facilitated settlements with the majority. (Proposed Findings of Fact at 3–4.) Only claims against the BlueWave Defendants remain.

In its Proposed Findings of Fact, the Bankruptcy Court recommends that this Court find that the BlueWave Agreement violates the Anti-Kickback Statute ("AKS") and is unenforceable as a matter of law (Count 74) and proposes this Court to disallow the BlueWave Proof of Claim in its entirety for that same reason (Count 75).

Furthermore, the Bankruptcy Court advises entry of summary judgment against Dent, a co-founder of BlueWave, in the amount of $720,661.00, plus applicable interest, based on the Liquidating Trustee's fraudulent conveyance claims in Counts 2 and 4 of the Complaint. Finally, the Bankruptcy Court recommends entering judgment against BlueWave in the amount of $220,336,247.91, plus applicable interest, based on the Liquidating Trustee's fraudulent conveyance claims in Counts 38 and 40 of the Complaint.[5]

The content of HDL and Bluewave's contractual relationship does not appear to be at issue. HDL and the BlueWave Defendants contend that the BlueWave Agreement was entered into with "a good faith belief that they were acting in accordance with law." (Defs.' Obj. at 11.) Central to BlueWave's opposition to summary judgment is its contention that the BlueWave Agreement at issue was crafted in consultation with "more than a dozen lawyers, not one of whom ever raised any concerns about the legality of any of its provisions." (*Id.* at 8.) BlueWave therefore maintains that its good faith belief,

---

[5] Summary Judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Riddick v. Sch. Bd.*, 238 F.3d 518, 522 (4th Cir. 2000). A "genuine" issue of "material" fact arises only when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor. *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005). *See also* Bankruptcy Rule 7056. There are no genuine issues of material fact in this case.

based on its attorney's advice that the contract was lawful, precludes a finding of the necessary *scienter* under the AKS. (*Id.* at 9.) BlueWave further argues that the AKS and False Claims Act ("FCA"), 42 U.S.C. § 1320a-7(b)(B)(1), upon which the Liquidating Trustee relies, contain distinct intent and *scienter* elements critical to proving HDL's liability. (*Id.* at 3.) Accordingly, HDL contends that the absence of proof that its employees knowingly and willfully violated the law precludes summary judgment at this stage. (*Id.*)

In *United States v. Mallory*, the United States Court of Appeals for the Fourth Circuit rejected this line of reasoning. 988 F.3d 730 (4th Cir. 2021). The Fourth Circuit noted that attorneys from both HDL and BlueWave warned the parties that "paying commissions to independent contractors might well violate the Anti-Kickback Statute." *Id.* at 736. In August 2012, General Counsel for HDL, Derek Kung, wrote a memo to HDL board members—including HDL's Board Member LaTonya S. Mallory— illuminating that "its BlueWave contract posed a 'high degree of risk' of violating the Anti-Kickback Statute. Kung explained that the U.S. Department of Health and Human Services's Office of the Inspector General 'has provided commentary regarding its concern over independent contractor sales agreements with compensation based on a percentage of sales.'" *Id.* Likewise, Nicholas Pace, a lawyer employed by HDL who oversaw compliance efforts, testified that he "recognized that the Anti-Kickback Statute prohibited arrangements like the commission-based one with BlueWave, and that he discussed these concerns in meetings with board members, including Mallory." *Id.* As

5

the Fourth Circuit noted in *Mallory*, the Defendants' contention that the evidence is insufficient to prove a knowing and willful violation of the AKS "rings hollow." *Id.*[6]

The Fourth Circuit also indicated that "[a] violation of the Anti-Kickback Statute thus automatically constitutes a false claim under the False Claims Act." *Id.* at 741 (citing *United States ex rel. Lutz v. United States*, 853 F.3d 131, 135 (4th Cir. 2017)). "[A]n [Anti-Kickback Statute] violation that results in a federal health care payment is a per se false claim under the [False Claims Act]." *Guilfoile v. Shields*, 913 F.3d 178, 190–91 (1st Cir. 2019) (internal citations omitted). Moreover, the AKS was amended by Congress in 2010 to add a new subsection (h) to 42 U.S.C. § 1320a-7b, which provided that "[w]ith respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section." 42 U.S.C. § 1320a-7b(h). Thus, BlueWave and Dent's argument that the AKS and FCA require a higher *scienter* requirement lacks merit as does their contention that the Bankruptcy Court did not properly construe the *Mallory* decision.

Moreover, as the Bankruptcy Court also concluded, the BlueWave Agreement is void and ineffectual under the law of Georgia where BlueWave is incorporated. *See Smith v. Saulsbury*, 649 S.E.2d 344, 347 (2007). "[F]or the purpose or object of a contract to be illegal, thereby making the contract void, the contract must require a

---

[6] In further explanation of their good faith belief that their business practices complied with the AKS and FCA, BlueWave contends that if they had been hired by HDL as employees of the company, their commission payments would have been lawful. HDL is correct that the AKS does include a statutory safe harbor for commissions paid to sales personnel who have a bona fide employment relationship with their employer. 42 U.S.C. § 1320a-7b(3)(B). This safe harbor, however, does not cover independent contractors as in the immediate case. *Mallory*, 988 F.3d at 738.

violation of law when performed." *Hays v. Adam*, 512 F. Supp. 2d 1330, 1342 (N.D. Ga. 2007). This Court concurs with the Bankruptcy Court and finds the BlueWave Agreement to be unlawful and unenforceable as a matter of law. Summary Judgment will therefore be granted on Count 74.

Closely allied with the unenforceability of the BlueWave Agreement, addressed above, the Liquidating Trustee in Count 75 of the Complaint urges the Court to disallow the Proof of Claims filed by the BlueWave Defendants. Shortly after resolving claims by the Department of Justice that the BlueWave Agreement violated the AKS, HDL filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (Proposed Findings of Fact at 10.) As part of that court action, BlueWave filed a Proof of Claim in the amount of $204,806,638.77. The HDL Liquidating Trust was formed as part of that bankruptcy action.

This Proof of Claim is premised on BlueWave's contention that HDL breached the BlueWave Agreement, which designated BlueWave as an independent contractor to market the sales of various tests and services of HDL to physicians and medical groups specializing in cardiology and other disease management specialties. Under the BlueWave Agreement, HDL was required to pay participating physicians $18 to $21 per patient for submitting blood samples to HDL for testing. (*Id.* at 7.) As the Fourth Circuit unequivocally concluded in *Mallory*, this payment scheme violated the AKS, 42 U.S.C. § 1320a-7b(B)(1), as well as the FCA, 42 U.S.C. § 1320a-7b(5). It is therefore unenforceable under § 502(b)(1) of the Bankruptcy Code. This Court agrees with the

Bankruptcy Court that BlueWave's Proof of Claim should be denied in its entirety. Summary Judgment will therefore be granted as to Count 75.

In the remaining Counts at issue—2, 4, 38, and 40—the Liquidating Trustee seeks to recover certain pre-Petition date payments made by HDL to the BlueWave Defendants as statutorily fraudulent and unenforceable conveyances. In Counts 2 and 38, the Liquidating Trustee relies upon § 548(a)(1)(B) of the Bankruptcy Code to avoid and recover both distributions to HDL shareholders and BlueWave Defendants under the BlueWave Agreement, which this Court agrees is void and unenforceable.

In urging the Bankruptcy Court to authorize the recovery of those payments, the Trustee, relying on 11 U.S.C. § 548(a)(1)(B), points out that as a matter of law, HDL received no legally-recognizable value from the illegal and unenforceable BlueWave Agreement. (Proposed Findings of Fact at 29–30.) Relying on that statutory provision, the Bankruptcy Court found the payments to be constructively fraudulent conveyances which are recoverable by the Trustee within two years of the Petition date. (*Id.*)

Similarly, in Counts 4 and 40, the Liquidating Trustee seeks to extend the reach of recovery under 11 U.S.C. § 544(b), contending that the transfers made to the BlueWave Defendants under the BlueWave Agreement are constructively fraudulent conveyances under § 544 of the Bankruptcy Code, in violation of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001–3008.[7] The Bankruptcy Court further concluded that § 544(b) allowed the Liquidating Trustee to assume the position of the

---

[7] The Bankruptcy Court relies on a formidable array of authority to support this position. (Proposed Findings of Fact at 23, n.32.)

Department of Justice and exercise its statutory authority to enforce the FDCPA, the effect of which is to afford the Trustee an extended reach-back period to avoid and recover any constructively fraudulent transfers or obligations. (Proposed Findings of Fact at 23.) The resulting reach-back period under § 544(b), for transfers violative of the FDCPA, is six years prior to the Petition date. (*Id.* at 23 n.33.)

Based on the record at hand, this Court finds that the Bankruptcy Court correctly concluded that the Department of Justice should be afforded an unsecured claim for transfers and distributions for the six-year period prior to the Petition date. HDL, as a matter of law, did not receive reasonably equivalent value in exchange for the BlueWave transfers and shareholders' payments at issue.[8] Moreover, the Bankruptcy Court's conclusion that HDL was insolvent as a matter of law, when all pre-Petition transfers occurred, is well supported by the Kearns Report.[9] (*Id.* at 29.) "In my opinion HDL was insolvent at all times during the Relevant Period, and specifically as of the Transfer Dates." (Kearns Report at 241.)

In the Proposed Findings of Fact, the Bankruptcy Court indicated that "[t]he BlueWave Defendants dispute neither the occurrence nor the amounts of the Pre-Petition Transfers." (Proposed Findings of Fact at 29.) Nothing in the record before this Court plausibly discredits this conclusion. Therefore, the Bankruptcy Court recommends that

---

[8] The Bankruptcy Court concluded that "virtually all of HDL's revenue was derived through the BlueWave Agreement." (Proposed Findings of Fact at 27.) The court further found that "[a]ll of the Pre-Petition Transfers occurred within the six-year reach-back period immediately preceding the Petition Date." (*Id.* at 29.)

[9] The Kearns Report is included as part of the Kanowitz Declaration. (Bankr. Ct. Adv. Proc. No. 16-03271, ECF No. 1066 at 190–278 [hereinafter "Kearns Report"].)

this Court grant partial summary judgment in favor of the Liquidating Trustee on Counts 2 and 4 of the Complaint against Defendant Dent in the undisputed amount of $720,661.00, plus interest. (*Id.* at 29–30.)

Furthermore, the Bankruptcy Court recommends that this Court grant partial summary judgment to the Liquidating Trustee in the amount of $220,336,247.91 against BlueWave on Counts 38 and 40. (*Id.* at 30.) The fact that this amount was transferred to BlueWave under the BlueWave Agreement appears to be undisputed. Accordingly, this Court will grant summary judgment to the Liquidating Trustee in the amount of $720,661.00, plus interest, on Counts 2 and 4 of the Complaint against Defendant Dent, and $220,336,247.91 on Counts 38 and 40 of the Complaint against BlueWave, plus applicable interest.

Moreover, the Court will adopt in full the Bankruptcy Court's Proposed Findings and Conclusions of Law, overrule BlueWave and Dent's Objection to the Proposed Findings of Fact, and refer this adversary proceeding back to the Bankruptcy Court for further proceedings on the merits.

An appropriate Order will accompany this Memorandum Opinion.

                                           /s/_____

                                       Henry E. Hudson
                                       Senior United States District Judge

Date: Sept 8, 2021
Richmond, Virginia